UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-80589-ALTMAN/Reinhart

JANE DOE,

    Plaintiff,

v.

DARREN K. INDYKE and RICHARD D. KAHN, as Co-Executors of the ESTATE OF JEFFREY E. EPSTEIN,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS COMPLAINT, MOTION TO STRIKE PUNITIVE DAMAGES, AND MEMORANDUM OF LAW IN SUPPORT

Defendants, Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jeffrey E. Epstein, move under Federal Rules of Civil Procedure 7 and 12(b)(6) and Southern District of Florida Local Rule 7.1, to dismiss Plaintiff's March 22, 2021, Complaint (D.E. 1) for failure to state a claim, and to strike Plaintiff's reservation to seek punitive damages.

## INTRODUCTION

Plaintiff has sued the Estate of Jeffrey E. Epstein based on alleged conduct that occurred thirteen years ago, between January and May 2008, when Plaintiff was allegedly 26 years old. Plaintiff seeks damages pursuant to 18 U.S.C. § 1595, based on alleged violations of (1) 18 U.S.C. § 1591 (Count I), (2) 18 U.S.C. § 1590 (Count II), (3) 18 U.S.C. § 1592(a) (Count III), (4) 18 U.S.C. § 1593A (Count IV), and 18 U.S.C. 1594(a) and (c) (Count V), known as the Trafficking Victims Protection Act ("TVPA").  Plaintiff has also alleged state common law torts seeking damages for (1) rape and sexual assault (Count VI), (2) battery (Count VII), (3)

intentional infliction of emotional distress (Count VIII), (4) negligent infliction of emotional distress (Count IX), and (5) fraud and misrepresentation (Count X).  (D.E. 1.)

Dismissal with prejudice is required because the Complaint, filed for the first time in 2021, fails to state a claim upon which relief can be granted as a matter of law. On its face, the Complaint is time barred because the federal TVPA claims were not brought by May 2018 and the state common law tort claims were not brought by May 2012. Moreover, Plaintiff cannot avail herself of the rare and exceptional relief of equitable tolling because she failed to plead the threshold element of not knowing she had a cause of action to bring. Additionally, Plaintiff then failed to allege the requisite due diligence and extraordinary circumstances to warrant tolling of thirteen years from the alleged 2008 incident -- three years for the federal claims which were time barred after May 2018, and nine years for the state common law tort claims which were time barred after May 2012.

## ARGUMENT AND MEMORANDUM OF LAW

### I. Rule 12(b)(6) – Dismissal is Required Based on Plaintiff's Failure to State a Claim Upon Which Relief May be Granted

To survive a motion to dismiss for failure to state a cause of action under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept a plaintiff's well-pleaded facts as true but need not accept mere legal conclusions. *Demeza v. Hartford Ins. Co. of the Midwest*, No. 8:11-cv-2522, 2012 WL 163818 (M.D. Fla. Jan. 19, 2012). "Plausibility is the key, as the 'well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1333 (11th Cir. 2010) (*quoting Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), in turn *quoting Twombly*,

550 U.S. at 570). A complaint "must consist of more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Lattimore v. Wells Fargo Bank, N.A.*, 590 Fed. Appx. 912, 913 (11th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678). "In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief." *Gavilan v. Balans, L.C.*, No. 14-22791-CIV, 2014 WL 6979625, at *1 (S.D. Fla. Dec. 9, 2014) (*citing Iqbal*, 556 U.S. at 678).

More specifically, the complaint "must be anchored in a bed of facts, not allowed to float freely on a sea of bombast. That is to say, a court assessing a claim's sufficiency has no obligation to take matters on blind faith[] despite the highly deferential reading which [a court] accords a litigant's complaint under Rule 12(b)(6)." *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 45 (1st Cir. 1991). A plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 554-55.

Here, Plaintiff's Complaint is unquestionably barred by the applicable statute of limitations. In a futile attempt to avoid dismissal, Plaintiff ineffectively alleges that her subjective fear of decedent should trigger equitable tolling for her untimely Complaint. However, Plaintiff fatally fails to plead that she had no knowledge of her legal right to pursue the TPVA and common law tort claims for years. Instead, her Complaint is replete with allegations of her knowledge that the decedent's actions were wrong when allegedly perpetrated on the adult Plaintiff. As a result, the essential element necessary for equitable tolling – a lack of knowledge of facts that compromise Plaintiff's cause of action – were never, and can never, be pled. Therefore, dismissal with prejudice is required as a matter of law.

A.  **Plaintiff's Original Jurisdiction Claims are Time Barred Under the Federal TVPA's Ten-Year Statute of Limitations**

Plaintiff alleged that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that this action arises under the federal Trafficking Victims Protection Act (TVPA), as reauthorized and amended, 18 U.S.C. §§ 1591-1595. (D.E. 1, ¶ 15.) However, Plaintiff's claims brought specifically under the Civil Remedy section of the TVPA, 18 U.S.C. § 1595, must have been commenced "not later than the later of --…10 years after the cause of action arose; or…10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense." This time limitation was not met.

The key provisions of 18 U.S.C. § 1595 provide:

> (a)  An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person know or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.
>
> …
>
> (c) No action may be maintained under subsection (a) unless it is commenced not later than the later of –
>
> (1)  10 years after the cause of action arose; or
> (2)  10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense.

Accepting Plaintiff's allegations as true for purposes of this Motion, Plaintiff was over the age of 18 when the alleged events complained of occurred between January and May 2008. (D.E. 1, ¶¶ 19, 21.) Therefore, Plaintiff's claims brought pursuant to 18 U.S.C. § 1595(c)(1), Counts I through V, expired in May 2018, ten years after the cause of action arose. This lawsuit was untimely filed three years late in 2021.

"As the Eleventh Circuit has made clear, dismissal on statute-of-limitations grounds is "appropriate only if it is apparent from the face of the complaint that the claim is time-barred and only if it appears beyond a doubt that a plaintiff can prove no set of facts that toll the statute." *Diaz v. Amezquita*, No. 20-62583-CIV, 2021 WL 2156916, at *4 (S.D. Fla. May 27, 2021), *citing Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 764 (11th Cir. 2008).

From the face of Plaintiff's Complaint, her TPVA claims (Counts I through V) must be dismissed with prejudice because they are time barred pursuant to the federal TVPA as reauthorized and amended: 18 U.S.C. §§ 1591-1595. Taking Plaintiff's own allegations as true, her TVPA counts filed in 2021 are time barred as a matter of law because Plaintiff had until 2018 to file this action pursuant to 18 U.S.C. § 1595. The alleged violations of TPVA occurred in 2008 and had to be brought within ten years. Plaintiff's failure to do so bars these claims and dismissal is required.

**B.** **Plaintiff's Supplemental Jurisdiction State Common Law Claims are Time Barred Under the State of Florida's Four-Year Statute of Limitations**

The remaining counts in Plaintiff's Complaint are brought pursuant to this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims arising under the laws of the State of Florida. (D.E. 1, ¶ 17.)  Upon dismissal of the first five counts, the state common law counts arising may be dismissed for lack of supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction). In this case, original jurisdiction resoundingly fails to exist based upon the statute of limitations set forth in 28 U.S.C. § 1595. Accordingly, Defendants request that this Court decline to exercise supplemental jurisdiction over the state common law tort claims and dismiss them.

Substantively, Florida's statute of limitations time bars Plaintiff's state common law tort counts for rape and sexual assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and fraud and misrepresentation. Pursuant to sections 95.11(3)(a), (3)(j), (3)(o), and (7), Florida Statutes, Plaintiff's common law tort claims pled in Counts VI through X had to be commenced within four years of the alleged 2008 events. Accordingly, Plaintiff's Counts VI through X, pursuant to Florida's statute of limitations, expired in May 2012, at the latest.

In this diversity action, the Court must apply the substantive law of the forum state, Florida. *See Palm Beach Atl. Coll., Inc. v. First United Fund, Ltd.,* 928 F.2d 1538, 1542 (11th Cir. 1991). The governing provisions of section 95.11(3), Florida Statutes provide:

> Actions other than for recovery of real property shall be commenced as follows:
>
> (3) WITHIN FOUR YEARS.—
>    (a) An action founded on <u>negligence.</u>
>              * * *
> (j) A legal or equitable action founded on <u>fraud</u>.
>
>              * * *
>
> (o) An action for <u>assault</u>, <u>battery</u>, false arrest, malicious prosecution, malicious interference, false imprisonment, <u>or any other intentional tort</u>, except as provided in subsections (4), (5), and (7).[1]
>
> (7) FOR INTENTIONAL TORTS BASED ON ABUSE. An action founded on alleged abuse, defined in s. 39.01, s. 415.102, or s. 984.03, or incest, as defined in s. 826.04, may be commenced at any time within 7 years after the age of majority, <u>or within 4 years after the injured person leaves the dependency of the abuse, or within 4 years from the time of discovery</u> by the injured party of both the injury and the causal relationship between the injury and the abuse, whichever occurs later.

---

[1] Subsections (4) and (5) reduce the time to two years and one year, respectively.

As with the analysis under the TPVA, this Court's requisite dismissal with prejudice of Counts VI through X rests on Plaintiff's concession that she was *not* a minor in 2008, but was "approximately 26 years of age in 2008, when the [alleged] rapes, sexual abuse, physical assault, and mutilation alleged…took place." (D.E. 1, ¶ 21.)  Based on this admission, the assault, battery, negligence, fraud, and intentional tort counts have a four-year Florida statute of limitations which required these causes of action to have been filed by May 2012. Because this action was filed *nine years later* in 2021, these counts must be dismissed with prejudice pursuant to Florida's statute of limitations.

For the intentional torts based on abuse under subsection (7) (rape and sexual assault, and battery in Counts VI and X), the seven years after the age of majority[2] is inapplicable because Plaintiff was already an adult (26 years old) at the time of the alleged 2008 occurrence. Plaintiff alleged that "her birth year was 1982" and that she was "approximately 26 years of age in 2008, when the rapes, sexual abuse, physical assault and mutilation alleged…took place."  (D.E. 1, ¶¶ 20, 21.)

The alternative time limitations of subsection (7) of either four years after the alleged incidents (four years after 2008), or four years after the time of discovery by Plaintiff of the injury and causal relationship with the abuse (same) again are determined by Plaintiff's own allegations that the conduct ceased in May 2008. As such, the discovery elements required the lawsuit to be commenced no later than May 2012.

By Plaintiff's own allegations, the duration of the alleged abuse spanned from January 2008 and ended in May 2008. (D.E. 1, ¶¶ 65, 69, 71, 75) ("During this same time period in 2008…"; "Throughout these five harrowing months…"). There is no allegation that Plaintiff was unaware of her claimed injury and causal relationship with the alleged abuse until some point

after May 2008. To the contrary, Plaintiff alleged that the abuse spanned a specific period of five months and ended in May 2008. The Complaint is replete with Plaintiff's knowledge of the alleged abuse at the time of its alleged occurrence – January 2008 through May 2008.

Indeed, Plaintiff's allegation of the first instance of rape makes clear she was aware of the "crime" that she threatened decedent she would report to the police. (D.E. 1, ¶ 55.) Further, in her General Allegations, Plaintiff concedes her "silence and/or cooperation" for not bringing this action or a criminal one due to her hope of the "possibility of future employment opportunities for the Plaintiff and/or her then husband with the FBI…." (D.E. 1, ¶ 68.) In short, there are no allegations that Plaintiff was unaware of her legal right to bring this lawsuit.

Accordingly, all of Plaintiff's claims are time barred and her Complaint must be dismissed with prejudice on this basis alone.

C.  **Plaintiff Fails to Meet Her Burden to Sufficiently Allege – and Indeed Makes Allegations Which Contradict – the Extraordinary Circumstances Required for Invocation of Equitable Tolling and Estoppel**

Courts use a "variety of terminology" as to whether tolling doctrines are classified as "equitable estoppel" or "equitable tolling." *Pearl v. City of Long Beach,* 296 F.3d 76, 81 (2d Cir. 2002); however, both doctrines require plaintiffs to plead extraordinary circumstances not contained in Plaintiff's Complaint in this action. Indeed, and as further explained below, Plaintiff's allegations are entirely incompatible with her invocation of equitable tolling and estoppel.

Equitable estoppel is interpreted to mean a bar that prevents a defendant from relying on a statute of limitations defense where the defendant actively took steps to prevent the plaintiff from suing him in time; for example, promising not to plead the statute of limitations. *Id.* Equitable tolling permits the suspension of a statute of limitations only where the plaintiff

---

[2] The age of majority is 18 in Florida. *See* § 743.07, Fla. Stat. (2021).

"despite all due diligence…is unable to obtain vital information bearing on the existence of [a] claim…[absent] a wrongful—or any—effort by the defendant to prevent the plaintiff from suing." *Id.* at 82.

To successfully plead equitable estoppel, "clearly established Florida case law requires the plaintiff to allege that the defendant willfully induced the plaintiff to forego suit until after the limitations period has ended." *In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.,* 690 F. Supp. 2d 1296, 1316 (S.D. Fla. 2010), *on reconsideration in part*, No. 08-01916-MD, 2015 WL 71562 (S.D. Fla. Jan. 6, 2015).  Where a plaintiff fails to <u>plead</u> that she knew the basis for her suit before the limitations period ended, that she intended to timely file the claim against the defendant, but was "induced" or "prevailed on" by the defendant to forego timely filing such a suit, a plaintiff's claims pursuant to Florida state law are barred by the applicable statute of limitations and equitable estoppel will not toll the time. *In re Chiquita Brands Int'l, Inc.,* 690 F. Supp. 2d at 1316.

Equitable tolling is justified only in rare and exceptional circumstances. *Boddie v. Moore*, No. 01-6469-CIV, 2001 WL 37131161, at *1 (S.D. Fla. Nov. 28, 2001).  Further, equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  Significantly, "…equitable tolling is appropriate in situations where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has <u>no reasonable way of discovering</u> the wrong perpetrated against her…." *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1155 (11th Cir. 2005)(emphasis added).  Additionally, in order to apply equitable tolling, "courts usually require some affirmative misconduct, such as deliberate concealment." *Id.* (citations omitted).

9

When a plaintiff pleads facts that admit a lack of diligence (or knowledge of a viable claim coupled with inaction), the plaintiff is "not entitled to equitable tolling…." *Villarreal v. R.J. Reynolds Tobacco Co.,* 839 F.3d 958, 972 (11th Cir. 2016)(allegation of futility did not satisfy diligence requirement for equitable tolling). In *Villarreal,* the plaintiff sued for disparate treatment under the Age Discrimination in Employment Act based on a rejected job application of which the plaintiff was unaware until contacted by lawyers over two years later. *Id.* at 961. In his complaint, Villarreal pled that he did nothing during those two years between his application and contact by the lawyer because any inquiry would have been futile. *Id.* at 972. The Eleventh Circuit concluded that the "admitted facts…foreclose a finding of diligence." *Id.* The court explained: "We have no difficulty concluding, as a matter of law, that a plaintiff who does nothing for two years is not diligent." *Id.*

Similarly, this Court should have no difficulty concluding, as a matter of law, that Plaintiff in the case at bar who did nothing for 13 years is not diligent. Neither equitable doctrine applies and Plaintiff's Complaint woefully exhibits this legal deficiency. Instead, Plaintiff's own allegations illustrate: (1) her knowledge in 2008 of her legal right to bring the TPVA and state common law torts claims for the alleged crimes and harm perpetrated against her, (2) no inducement by decedent to delay Plaintiff from knowing of her rights, and (3) certainly no exceptional circumstances to justify Plaintiff's lack of reasonable diligence in waiting 13 years to file her 2021 lawsuit.

Likely anticipating the clear, plain statutes of limitations set forth above for the TPVA and state law claims, Plaintiff alleges in a vague fashion that the decedent, or others on his behalf, made "false or misleading acts and statements" with the "express purpose…of preventing

10

Plaintiff from commencing any lawsuit or claim against Epstein or his associates." (D.E. 1, ¶ 83.)

Plaintiff further alleged "constant fear" until she learned of Epstein's death:

> 76. Commencing prior to May 2008, as described above, and <u>continuing to the present day</u>, Epstein's coercive and explicit threats compelled the Plaintiff's silence.
>
> …
>
> 86. Due to the severity of these threats, Plaintiff lived in constant fear until learning of Epstein's death in the summer of 2020, and even today maintains a certain level of apprehension about associates of Epstein carrying through on the threats Epstein had made.

(D.E. 1, ¶¶ 76, 86.)

Plaintiff also alleges that the false or misleading acts and statements by decedent or others on his behalf justified her untimeliness of this Complaint based on equitable tolling or equitable estoppel. (D.E. 1 at E, *et seq.*) The core of Plaintiff's allegations for these inapplicable doctrines are based on Plaintiff's subjective fear from May 2008 that caused her inaction until 2021, one year *after* she learned in 2020 of decedent's death in 2019. (D.E. 1, ¶¶ 83-89.)

Plaintiff fails to allege any reasonably objective basis for her inaction after May 2008. In fact, Plaintiff claims that by May 2008 she no longer even saw or spoke with decedent. Plaintiff does not allege that decedent continued some period of oppressive, restrictive conduct, or any communication whatsoever that would establish an objective and reasonable fear to preclude Plaintiff from pursuing her legal rights. Significantly, even after Plaintiff admittedly learned in 2020 of decedent's 2019 death, she waited yet another year – and did nothing – before filing this lawsuit.

Plaintiff's vague allegations of "coercion" and "threats" fail to trigger application of the principle of equitable tolling under either the federal or state statute of limitations. To warrant equitable tolling, a plaintiff must demonstrate "(1) that he [or she] has been pursuing his [or her]

11

rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way and prevented timely filing." *Lama v. Malik,* 192 F. Supp. 3d 313, 317 (E.D.N.Y. 2016), *citing Lawrence v. Florida,* 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). In order to qualify for equitable tolling, Plaintiff must establish that extraordinary circumstances prevented her from filing her claim timely, and that she acted with reasonable diligence throughout the period she seeks to toll. *Lama,* 192 F. Supp. 3d at 317 (citations omitted). Plaintiff bears the burden of demonstrating that equitable tolling applies. *Id.* (citation omitted).

Courts agree that statutes of limitations are generally subject to equitable tolling where "necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing." *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004). However, equitable tolling is an "extraordinary measure" only applicable when plaintiff is prevented from filing suit "despite exercising that level of diligence which could <u>reasonably</u> be expected in the circumstances." *Id.*, *citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

One example of a preventive act is where a defendant is responsible for concealing the existence of a plaintiff's cause of action. *See Pearl v. City of Long Beach,* 296 F.3d 76, 80 (2d Cir. 2002)(City concealed the plaintiff's causes of action from him with false statements in its official reports, false testimony in two criminal trials, and false deposition testimony). Even with such an example, an estoppel barring a limitations defense will not exist unless there was "active fraudulent concealment" by the wrongdoer. *Id.* at 88. "Federal courts impose a similar requirement." *Id.*

Here, Plaintiff has failed to plead any preventive act by the decedent that thwarted Plaintiff's threshold *knowledge* of facts that she had a claim to pursue. Without such, Plaintiff's

12

level of diligence reasonably expected is lacking to warrant the "extraordinary measure" of tolling. Specifically, Plaintiff never alleged that she did not *know* she had a claim against decedent and that decedent prevented her – an adult – from consulting with counsel, from reading the newspaper or internet, or taking any other action to falsely conceal Plaintiff's legal right to bring an action under the state common law tort claims or the TPVA. Beyond the alleged five months in early 2008 through 2021, Plaintiff had the freedom in the United States of America to move anywhere she chose, talk with whomever she elected, and sue anyone she decided to sue.[3] The "false or misleading acts and statements" Plaintiff identified as precluding her from timely filing this lawsuit strain credulity and are not objectively reasonable:

- Epstein possessed power or influence over the FBI, Department of Homeland Security, and law enforcement or governmental authorities;

- Epstein held influence over authorities who would:

    i. arrest Plaintiff and charge her for prostitution;
    ii. bring irreparable shame to Plaintiff by asserting she was a prostitute;
    iii. cause Plaintiff's child to be taken from her; and/or
    iv. have Plaintiff deported.

(D.E. 1, ¶ 81.)

Plaintiff's above allegations are fantastical and not objectively reasonable. Furthermore, Plaintiff claims that these alleged acts prevented her from filing this lawsuit continued "as long as she believed Epstein was alive." (D.E. 1, ¶ 82.) Therefore, when Plaintiff conceded her knowledge of Epstein's death (as August 10, 2019, learned of in the summer of 2020), Plaintiff's subjective fear of decedent's FBI and government power admittedly dissipated. (D.E. 1, ¶¶ 13, 86.) This fails to excuse Plaintiff doing nothing from the summer of 2020 until 2021.

---

[3] Retention of Plaintiff's passport admittedly ended in May 2008. (D.E. 1, ¶¶ 46, 48.)

For the equitable tolling calculation, the statute of limitations begins to run when Plaintiff either acquires actual knowledge of the facts that compromise her cause of action or should have acquired such knowledge through the exercise of reasonable diligence after being apprised of sufficient facts to place her on notice. *Lama,* 192 F. Supp. 3d at 317-18 (citations omitted). Here, those facts were admittedly known in 2008.

### D. Plaintiff Fails to Meet Her Burden to Sufficiently Allege Reasonable Diligence In Pursuing Her Claims

Defendants expect Plaintiff will respond to this Motion by seeking to toll the time from 2012 to 2021 (an additional eleven years) for her common law tort claims and beyond 2018 (an additional three years) for her federal TPVA claims. To do so, Plaintiff carries the burden of satisfying the first prong of equitable tolling. The inquiry turns on access to information to determine if Plaintiff has alleged she was "reasonably diligent" in pursuing her rights. *Lama,* 192 F. Supp. 3d at 318.

In her Complaint, Plaintiff alleges no facts (i.e., extended hospitalization, coma, psychotherapy, memory loss/amnesia, incarceration) that would support any tenable argument for reasonable diligence of why Plaintiff did not pursue any action from 2008 until 2021, let alone 2019 to 2021. Significantly, Epstein's death in the summer of 2019, allegedly learned of by Plaintiff as "summer of 2020,"[4] was publicly verifiable as August 10, **2019,** both nationally[5] and locally[6], and would have quelled any alleged fear Plaintiff claimed to have, and certainly ceased Epstein's alleged "coercive and explicit threats" that compelled Plaintiff's silence. Yet, Plaintiff makes zero attempt to plead any reasonable diligence for her delay in filing her Complaint

---

[4] (D.E. 1, ¶¶ 86, 89.)
[5] https://www.cnn.com/2019/08/10/us/jeffrey-epstein-death/index.html ; https://www.reuters.com/article/us-people-jeffrey-epstein-autopsy/official-autopsy-concludes-epsteins-death-was-suicide-by-hanging-idUSKCN1V61Y7
[6] https://www.miamiherald.com/news/state/florida/article236809668.html

between the summer of 2020, when her alleged abuser's sensational death was "publicized in connection with the [Maxwell] arrest" and her untimely 2021 filing date. (D.E. 1 at ¶ 89.)

Even taking Plaintiff's allegations of subjective fear as true and believing she lived isolated from any media from the summer of 2019 until the summer of 2020, the allegations fail because they are not objective ("knew or should have known") and Plaintiff still fails to bridge and plead any reasonable diligence for the time between the summer of 2020 and her 2021 filing of this lawsuit. *See Malik,* 192 F. Supp. 3d at 317-18. "When equitable tolling applies, the statute of limitations begins to run when 'the plaintiff either acquires actual knowledge of the facts that comprise his cause of action or should have acquired such knowledge through the exercise of reasonable diligence after being apprised of sufficient facts to put him on notice.'" *Id.* (emphasis added).

Like the plaintiff in *Lama*, Plaintiff here failed to allege any lack of "freedom of movement" from 2008 to 2012 (or beyond) and in fact, advanced no allegations of contact whatsoever from Epstein or any person associated with the decedent after 2008. Even the circumstances in *Malik* where the plaintiff spoke "only occasional broken English," "did not socialize outside the [defendant's] family," "did not take trips on her own," "did not have a driver's license, a social security number, bank account or credit card," had no access to legal advice, and was contained in the alleged abuser's home and isolated, did not constitute circumstances so "extraordinary" so as to justify tolling the statute of limitations. *Lama,* 192 F. Supp. 3d at 319. The plaintiff in *Malik* was able to communicate by phone with her family, free to leave if she wanted to, and moved back to Nepal when she wanted to return. *Id.* Similar to the plaintiff in *Malik,* Plaintiff was "free to come and go" between 2008 and 2012 (and beyond) and

15

has pled no allegation that restricted her freedom from filing this suit under the applicable federal deadline of 2018 or state deadline for the common law torts of 2012.

Also similar to the Plaintiff at bar, the plaintiff in *Malik* had access to resources of information and assistance to pursue her rights. 192 F. Supp. 3d at 318. Once a plaintiff knows of a legal right, reasonable diligence requires action. Failing to "undertake any effort to inquire further about her rights under the law" when no longer living or with the alleged offender cuts against the argument of reasonable diligence. *Id.*

Hospitalization could potentially serve as extraordinary circumstances sufficient to "relax" (not remove) the due diligence requirement. *Oluoch v. Orina,* 101 F. Supp. 3d 325, 332 (S.D.N.Y. 2015) (no allegation of extraordinary circumstances, such as hospitalization, that prevented the plaintiff from exercising her service of process options sooner and thus plaintiff denied request for equitable tolling).

## II. Plaintiff's Reservation of a "Right" to Seek Punitive Damages Should be Stricken

Rule 12(b)(f) provides this Court with authority to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." "[A] motion to strike is the appropriate mechanism to pursue removal of the prayer for ... damages in the Complaint." *Pucci v. Carnival Corp.*, 160 F. Supp. 3d 1329, 1331 (S.D. Fla. 2016). "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). The decision to strike a request for damages in a pleading is committed to the district court's broad discretion. *Id.* (*citing Porcelanas Florencia, S.A. v. Caribbean Resort Suppliers, Inc.*, 2007 WL 171590, at *1 (S.D. Fla. 2007)).

Here, Plaintiff acknowledged that Epstein is deceased. (D.E. 1, ¶¶ 10, 13.) In her "Wherefore" clause, Plaintiff pled:

> Plaintiff reserves her right to seek punitive damages upon a record showing of entitlement to such damages.

(D.E. 1 at p. 29.) This sentence is subject to an order from this Court striking it as immaterial pursuant to Rule 12(b)(f).

"Florida law prohibits recovery of punitive damages from the estate of a wrongdoer who is deceased." *Poindexter v. Zacharzewski*, No. 18-14155-CIV, 2018 WL 6182590 at *3 (S.D. Fla. Nov. 5, 2018) (*citing Lohr v. Byrd*, 522 So. 2d 845 (Fla. 1988) ("[A] decedent's innocent heirs should not be punished when the wrongdoer is unavailable because of death. In so holding, we join the majority of jurisdictions in this country that have considered this issue.")). This would not be the first time that a claim for (or here reservation to claim) punitive damages against the decedent's Estate has been stricken pursuant to Rule 12(b)(f) because "such relief is unavailable as a matter of law." *See Mary Doe v. Indyke,* 457 F. Supp. 3d 278, 284 (S.D.N.Y. 2020). Accordingly, while Plaintiff has not pled the requisite basis for punitive damages, even the reservation "to seek punitive damages" is inappropriate and subject to this Court's striking.

## CONCLUSION

Defendants request that this Court dismiss Plaintiff's Complaint with prejudice pursuant to the applicable statutes of limitation, 28 U.S.C. § 1595 and section 95.11, Florida Statutes. Plaintiff failed to timely file her Complaint under the TVPA which precludes this Court's original jurisdiction over the § 1595 claim. As such, this Court should decline its supplemental jurisdiction over the common law torts. Substantively, the common law torts were not timely preserved and had to be commenced no later than 2012. The principle of equitable tolling is inapplicable on the face of Plaintiff's Complaint because Plaintiff failed to identify and

reasonable diligence and extraordinary circumstances to justify application of this this doctrine. Rather, Plaintiff was dilatory in seeking any right to relief and has thus, by her actions, foreclosed the opportunity to seek this Court's jurisdiction.

 Respectfully submitted on June 28, 2021.

            LINK & ROCKENBACH, PA
            1555 Palm Beach Lakes Boulevard, Suite 930
            West Palm Beach, Florida 33401
            (561) 847-4408; (561) 855-2891 [fax]

            By: /s/ *Scott J. Link*
              Scott J. Link (FBN 602991)
              Kara Rockenbach Link (FBN 0044903)
              Primary:  Scott@linkrocklaw.com
              Primary:  Kara@linkrocklaw.com
              Secondary:  Tina@linkrocklaw.com
              Secondary:  Troy@linkrocklaw.com
              *Counsel for Defendants*

## CERTIFICATE OF SERVICE

 I CERTIFY that on June 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will serve the document on counsel of record through the CM/ECF system.

            By: /s/ *Scott J. Link*
              Scott J. Link (FBN 602991)

## SERVICE LIST

Robert K. Burlington
Andrew H. Marks
Dorothy C. Kafka
Coffey Burlington
2699 South Bayshore Drive, Penthouse
Miami, FL 33133
rburlington@coffeyburlington.com
amarks@coffeyburlington.com
dkafka@coffeyburlington.com
groque@coffeyburlington.com
service@coffeyburlington.com
*Counsel for Plaintiff*

Steven J. Phillips
Victoria E. Phillips
Ari L. Taub
Phillips & Paolicelli, LLP
747 Third Avenue 6th Floor
New York, NY 10017
SPhillips@p2law.com
VPhillips@p2law.com
Ataub@P2law.com
*Counsel for Plaintiff*