UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-cv-80589-ALTMAN/Matthewman

JANE DOE,

    Plaintiff,

v.

DARREN K. INDYKE and RICHARD D.
KAHN, as Co-Executors of the ESTATE OF
JEFFREY E. EPSTEIN,

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO REVIEW CASE AND PREPARE AS
PRO SE AND MOTION TO COMPLAINT**

Defendants, Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jeffrey E. Epstein, respond to Plaintiff's Motion for Extension of Time to Review Case and Prepare as Pro Se and Motion to Complaint [D.E. 71], and state:

**DEFENDANTS' MOTIONS TO DISMISS**

Defendants do not oppose Plaintiff's request for an extension of time to prepare as *pro se*. In order to conserve time and judicial resources, however, Defendants request that the Court rule upon the failure to state a claim section of Defendants' December 21, 2021, Motion to Dismiss Complaint for Fraud Upon the Court, Spoliation of Evidence and Failure to State a Claim, etc. [D.E. 62.] The failure to state a claim issue was fully briefed by all parties before Plaintiff's counsel withdrew, is purely a legal question, and is ripe for the Court's consideration and ruling. [D.E. 62, 38.] Should the Court find that Plaintiff's claims are time-barred, the additional

grounds for dismissal pertaining to fraud upon the Court and spoilation of evidence will be moot and this case will end.

## PLAINTIFF'S MOTION TO COMPLAINT

### A.     Denial of Statements of Defendants' Wrongdoing

Defendants deny all statements made by Plaintiff insinuating any wrongdoing on their part, including that they thwarted Plaintiff's efforts to obtain counsel.  Defendants also did not use any tactics to "get rid" of Plaintiff's former counsel.  Rather, Defendants filed a factually and legally supported Motion to Dismiss for Fraud Upon the Court and Spoliation of Evidence based on Plaintiff's own perjury and wrongful actions.  Defendants played no role whatsoever in Plaintiff's counsel's decision to subsequently withdraw.

The Court's review of Plaintiff's deposition transcript attached as Exhibit C to Defendants' Motion to Dismiss [D.E. 62] will reflect that Defendants' counsel did not "attack" Plaintiff through questioning.  Instead, counsel professionally and dutifully explored discrepancies in Plaintiff's testimony that contradicted Answers to Interrogatories in her wrongful termination suit against her former employer.  Plaintiff was well represented during the deposition by three attorneys from two different law firms: Robert Burlington and Dorothy Kafka from Coffey Burlington, P.L. and Ari Taub from Phillips & Paolicelli, LLP.

Finally, notwithstanding her false suggestion that Defendants have endeavored to harass her, Plaintiff admitted at the January 27, 2022, hearing that, because she made a public filing with her name and email address, she had by that time received hundreds of communications from the media. [D.E. 69.]  Defendants neither hired a detective to harass Plaintiff nor provided any information to the media.

B.     **Plaintiff's New Admissions**

In her new Motion, Plaintiff has changed her story and confirmed that she committed perjury during her deposition in this case.  While Defendants do not address all of the statements made in Plaintiff's Motion, the following issues are on point with Defendants' Motion to Dismiss for Fraud Upon the Court and Spoliation of Evidence [D.E. 62]:

i.     **Travel to Turkey in 2008**

In her Complaint, Plaintiff alleged that in the middle of the year 2007, Maxwell took her passport for safekeeping and did not return it to her until May 2008.  [D.E. 1, ¶ 48.]  Likewise, during her deposition, Plaintiff testified that sometime between September and November 2007, she gave Maxwell her passport and it was not returned to her until May or early June 2008. [D.E. 62, Ex. C; Pltf's Depo. 107:5-110:14.]  Plaintiff claimed that she could not leave the country. *Id.* However, when confronted at her deposition in this case with Answers to Interrogatories in her wrongful termination suit that purported Plaintiff was in Turkey in 2008, Plaintiff testified that *those* answers were fabricated by her attorney in that case and were untrue and she was never in Turkey in 2008. [D.E. 62, Ex. C; Pltf's Depo. 197:9-25.]

In her recent *pro se* filing, Plaintiff now claims that two weeks after giving Epstein her passport in 2007, he returned it to her so she could travel to Turkey and that, in fact, she was in Turkey from December 29, 2007, through January 23, 2008.  [D.E. 71, ¶ 9.]  Surprisingly, the copy of Plaintiff's altered passport produced in this case, the original of which was later destroyed, **did not** evidence this travel and, in fact, was produced to prove that Plaintiff **did not** travel to Turkey in 2008.  [D.E. 62, Ex. G.]

### ii. Trip to Naples, Florida to Celebrate January Birthdays

During her deposition, Plaintiff unequivocally testified that the initial rape occurred in the middle of January 2008. Plaintiff specifically recalled the timeframe because it was after her birthday, which she celebrated on either January 3 or 5, and before Epstein's birthday, which was on January 20. [D.E. 62, Ex. C; Pltf.'s Depo. 10:7-18; 16:2-15; 18:22-24; 19:6-10; 134:4-7.] That means, the alleged first rape occurred sometime between January 6 and January 19, 2008.

Now, admitting she lied about the Turkey travel, she has changed her story again because her original dates do not coincide with her now admitted travel to Turkey from December 29, 2007, until January 23, 2008. Her story is now that the Naples trip occurred a day or two after her return to Florida, which was *after* Epstein's birthday. [D.E. 71, ¶ 10.] Nevertheless, as outlined in Defendants' Motion to Dismiss, Epstein was not present in Florida during January 2008. [D.E. 62 at p. 16.]

### iii. Plaintiff's Passport

Plaintiff objects to the fraud discovered relating to her passport and claims it was 26 years old and not valid. However, the passport is highly relevant because Plaintiff produced an altered copy to support her false story that she **did not** travel to Turkey in 2008. Plaintiff now admits that she did travel to Turkey between December 2007 and January 2008. This was during the specific timeframe Plaintiff originally claimed that she was raped. Yet, that travel is not reflected in the altered copy of the passport which Plaintiff produced.

Plaintiff's original passport was then allegedly subsequently destroyed. Plaintiff provided Declarations of her brother and son purporting that they unintentionally shredded the passport after Plaintiff moved to Boston without her knowledge or consent. Plaintiff's former counsel disavowed those Declarations after they sought to withdraw from the case. [D.E. 62, Ex.

J.] Defendants are unsure if Plaintiff has the original passport or if it was destroyed as was represented in the Declarations.

### iv. Plaintiff Worked as a Security Guard

Plaintiff now claims that her untruthful testimony about not working as a security guard was simply because it was only a part-time job that she performed fourteen years ago and, presumably because of its insignificance, she "forgot" about it during her deposition in this case. [D.E. 71, ¶ 12.] However, as Defendants pointed out in their Motion to Dismiss, Plaintiff testified in her wrongful termination case that she attended classes to obtain her security guard license. [D.E. 62, p. 14 and Ex. I, 81:1-82:9, 83:9-16.] Further, Plaintiff filed an EEOC sexual discrimination charge against one of the security companies alleging that her supervisor sexually harassed her. [D.E. 62, p. 14 and Ex. I, 83:17-85:, 85:6-89:18.] It is simply not credible that Plaintiff would "forget" that she was sexually harassed and filed a formal EEOC complaint over it.

### v. Plaintiff's New Witnesses and Evidence

Plaintiff's Initial and Amended Disclosures did not disclose any of the alleged "six witnesses" Plaintiff now purports exist, including an "Oya K" and five other unnamed persons. [D.E. 71, ¶ 13.] Further, the *only* document that Plaintiff has produced is a copy of her altered passport. If Plaintiff had witnesses, evidence and photographs to support her alleged claims, the full names of those witnesses and the evidence should have been properly disclosed in her required disclosures, in response to questions posed at her deposition, and in response to Defendants' October 2021 discovery requests to which Plaintiff failed to respond. Plaintiff was represented by counsel when the disclosures were made, yet none of this occurred.

## **CONCLUSION**

Notwithstanding the inaccuracies in Plaintiff's Motion, the Court need look no further than the purely legal questions raised in the failure to state a claim section of Defendants' Motion to Dismiss, which has been fully briefed and is ripe for ruling, to dispose of this case. [D.E. 62, 38.]

Accordingly, Defendants respectfully request that the Court rule upon the failure to state a claim section of Defendants' Motion to Dismiss [D.E. 62, 38] and grant such other and further relief as the Court deems just and proper.

Respectfully submitted on February 25, 2022.

>LINK & ROCKENBACH, PA
>1555 Palm Beach Lakes Boulevard, Suite 930
>West Palm Beach, Florida 33401
>(561) 847-4408; (561) 855-2891 [fax]
>
>By: /s/ *Scott J. Link*
>    Scott J. Link (FBN 602991)
>    Kara Rockenbach Link (FBN 0044903)
>    Primary:  Scott@linkrocklaw.com
>    Primary:  Kara@linkrocklaw.com
>    Secondary:  Tina@linkrocklaw.com
>    Secondary:  Troy@linkrocklaw.com
>    *Counsel for Defendants*
>
>    - and –
>
>Bennet J. Moskowitz, *Pro Hac Vice*
>Molly S. DiRago, *Pro Hac Vice*
>TROUTMAN PEPPER HAMILTON SANDERS LLP
>875 Third Avenue
>New York, New York 10022
>(212) 704-6087
>bennet.moskowitz@troutman.com
>molly.dirago@troutman.com
>*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

  I CERTIFY that on February 25, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will serve the document through the CM/ECF system.

                By: /s/ *Scott J. Link*
                  Scott J. Link (FBN 602991)

**SERVICE LIST**

Jane Doe, Pro Se
ummuhan2022@yahoo.com