UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-80589-ALTMAN/Matthewman

JANE DOE,

      Plaintiff,

v.

DARREN K. INDYKE and RICHARD D.
KAHN, as Co-Executors of the ESTATE OF
JEFFREY E. EPSTEIN,

      Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S "MOTION IN OPPOSITION TO DISMISS & OBJECT [SIC] TO THE DEFENDANT'S [SIC] ACCUSATIONS"**

Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jeffrey E. Epstein ("the Estate"), file this Reply to Plaintiff's Response[1] (D.E. 75) (the "Response") to the Estate's Motion to Dismiss (D.E. 62) (the "Motion to Dismiss") Plaintiff's March 22, 2021, Complaint (D.E. 1) for fraud upon the Court, spoliation of evidence, and failure to state a claim; and to strike Plaintiff's reservation to seek punitive damages.

**PRELIMINARY STATEMENT**

Plaintiff's Complaint should be dismissed because Plaintiff's claims are barred based on the running of the applicable statutes of limitations.[2] Plaintiff does not and cannot offer any viable response to legal justifications that compel the dismissal of this action. Plaintiff has not overcome the two, independent reasons the Court should dismiss her Complaint with prejudice: (1) Plaintiff does not offer any basis to dispute that her causes of action are time-barred; and (2)

---

[1] Plaintiff's Response is titled: "Plaintiff's Motion to in Opposition to Dismiss & Object to the Defendant's Accusations." (D.E. 75.)
[2] On May 20, 2022, Plaintiff filed yet another "Motion" titled: "Plaintiff Motion to Notice to Withdraw." (D.E. 76.) Defendants intend to file a timely Response, but in the interim suggest that the Court dismiss Plaintiff's claims <u>with prejudice</u> because they are time-barred as set forth herein.

none of Plaintiff's newly concocted "evidence" attached to her Response disproves that she has fabricated evidence, destroyed evidence and committed perjury on central issues including her whereabouts during the alleged abuse. In her Response, Plaintiff admits that some of her testimony in this matter was in fact false.

Plaintiff's new so-called evidence comes in the form of rambling, unverified statements from two purported fact witnesses, and that "evidence" further reveals her deception. None of the many qualified attorneys who previously represented Plaintiff before withdrawing after being faced with evidence of her fraud[3] – either in Plaintiff's Initial Disclosures, Plaintiff's Amended Initial Disclosures or otherwise – disclosed the existence of either of those individuals or the five additional new individuals identified in Plaintiff's discovery Motion (D.E. 74). It is inconceivable that Plaintiff's prior counsel from two reputable law firms failed to disclose <u>seven</u> key fact witnesses.

In addition to lacking any probative value as a matter of law and being dubious under the well-documented, troubling circumstances of this case, the new witness statements do nothing to either revive Plaintiff's untimely claims or to remedy her spoliation, perjury and other improprieties. Plaintiff's Response confirms that, if given the chance to further pursue her false claims that have already unduly burdened the Court and the Estate, Plaintiff will continue to perpetrate a fraud on this Court. The Court should put an end to this once and for all.

---

[3] While the reason for Plaintiff's counsel's withdrawal was not disclosed to Defendants, that counsel withdrew shortly after Plaintiff's passport was destroyed and Defendants' counsel presented them with incontrovertible evidence of Plaintiff's fraud on the Court. Plaintiff's former counsel also disavowed Plaintiff's production of the copied pages of her purported passport and the Declarations of Plaintiff's son and brother claiming the destruction was unintentional.

## ARGUMENT

**A.     Plaintiff Offers No Basis to Dispute the Untimeliness of Her Claims; There is None**

Defendants' Motion to Dismiss establishes, by citation to dozens of legal authorities, that: (i) Plaintiff's original jurisdiction claim is time-barred under the Federal Trafficking Victims Protection Act's 10-year statute of limitations; (ii) as to her federal claim, Plaintiff failed to meet her burden to establish the extraordinary factual circumstances required to invoke equitable tolling or estoppel[4]; and (iii) Plaintiff's supplemental jurisdiction state common law claims are time-barred under the State of Florida's four-year statute of limitations.  Plaintiff's Response addresses none of these authorities.  Plaintiff provides only unverified narratives that have nothing to do with the inescapable conclusion that all of her claims are time-barred as a matter of law.

**B.     Plaintiff's Latest, Dubious "Evidence" Shows She is Committed to Further Perpetrating a Fraud on This Court**

In her Response, Plaintiff does not challenge the facts that she committed perjury about her travel and medical treatment in 2008; that the evidence set forth in great detail in Defendants' Motion to Dismiss contradicts her alleged timeline of events; that she destroyed critical, case-ending evidence; that she committed perjury about being a security guard, which is directly relevant to her allegations; and that she suffers various other credibility issues.  To the contrary, in her Response, Plaintiff admits that she gave false testimony in this matter: "Yes, I was wrong [about travel and medical treatment in 2008]." (*See* D.E. 75, p. 6.)

---

[4] As Defendants discuss in their Motion to Dismiss (D.E. 62), Florida's statutes of limitation are not subject to equitable tolling or estoppel.

Instead, Plaintiff presents two unverified, rambling witness statements in a vain attempt to rescue her claims. Plaintiff's reliance on the statements fails for three separate reasons.

<u>First</u>, far from proving her shifting allegations, the new statements constitute additional proof of Plaintiff's fraud on the Court. One of the statements purports to be from an individual named "Zeynep Oya Kocaman," who claims she was present during some of Jeffrey Epstein's alleged abuse of Plaintiff. The other so-called witness, "Charles Walton," claims he and Plaintiff discussed Mr. Epstein's alleged abuse of her in 2010. The facts are otherwise.

Six attorneys of record from two different, reputable law firms previously represented Plaintiff for over eight months. These well-qualified attorneys filed a voluminous Complaint on Plaintiff's behalf in which many alleged witnesses are identified or described. The attorneys provided two sets of initial disclosures on Plaintiff's behalf: an original set dated May 13, 2021, in which Plaintiff disclosed six witnesses with knowledge and an amendment dated July 9, 2021, ***specifically to disclose three additional witnesses***. Plaintiff also testified at length in this matter during her deposition of which three of her attorneys were present; and she purported to identify everyone involved in her story. While she was represented by counsel, Plaintiff was also served with interrogatories and multiple document requests. However, until she filed her Response, Plaintiff never once referred to Ms. Kocaman, Mr. Walton or the other five newly identified "witnesses," let alone disclosed them as Plaintiff was required to do. These individuals have never come up in any documents or written discovery. Defendants and their counsel, who have defended Mr. Epstein's Estate against dozens of claims of alleged abuse over time periods subsuming the time period at issue in this case, have never heard of these people.

Notwithstanding Ms. Kocaman's assertion that Plaintiff's former counsel never followed up with her (Response, p. 11), it is not believable that Plaintiff's prior counsel knew that these witnesses existed and found them credible, but nevertheless failed to disclose them. These new

4

statements are merely the latest in the long line of fraudulent information presented by Plaintiff to support her false narrative, as fully described in Defendants' Motion to Dismiss. (D.E. 62.)

<u>Second</u>, nothing in the new statements – even if the Court credits them, which it should not – disproves the untimeliness of Plaintiff's causes of action, the spoliation of key evidence in this case, Plaintiff's documented perjury, or Plaintiff's fabrication of evidence.  The statements do not touch on any of the issues relevant to the untimeliness of Plaintiff's claims or her prior, false statements about her whereabouts during the alleged abuse.

<u>Third</u>, Plaintiff's failure to timely disclose the existence of these witnesses means she may not rely on them. *See* Fed. R. Civ. P. 37(c)(1) ("Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").  Plaintiff's failure to disclose these alleged witnesses was neither justified nor harmless.  She waited until the last minute to disclose (or invent) them and their stories are part of a last-ditch effort to rescue her fraudulent claims.  It would be unfairly prejudicial to the Estate for the Court to permit Plaintiff to belatedly rely on the statements for any reason, let alone to escape the well-justified dismissal of this action after a protracted period of Plaintiff's misconduct.

During the pendency of the Estate's Motion to Dismiss, Plaintiff defaulted on responding to the Estate's Requests for Admission.  (**Exhibit A**, w/o attachments.)  Under Federal Rule of Civil Procedure, unanswered requests for admissions render the matter requested conclusively established. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

Therefore, Plaintiff has now admitted that her original passport was destroyed after July 9, 2021; that the copy of her passport produced in this lawsuit does not reflect her travel to Turkey on December 29, 2007 through January 23, 2008; that the photographs of her passport pages provided to her former attorneys do not reflect her travel to Turkey on December 29, 2007 through January 23, 2008; that she altered pages from her passport before they were produced in this case on July 9, 2021; that she traveled to Turkey in January, February and May 2008; that Jeffrey Epstein was never in possession of her passport; that she has been admitted to a mental hospital; that she was treated by a psychologist in Turkey in 2008; that she advised her attorney in her wrongful termination case that she travelled to Turkey in January, February and May 2008; that she advised her attorney in her wrongful termination case that she was in a mental hospital in Turkey for six days in 2008; and that her discovery responses in her wrongful termination case, which contradict her allegations in this case, are true and derive from her rather than an attorney acting without authorization, as she falsely testified under oath.  See **Exhibit A.**

## CONCLUSION

Based on the foregoing, and for the reasons set forth in Defendants' Motion to Dismiss (D.E. 62), Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted on May 20, 2022.

        LINK & ROCKENBACH, PA
        1555 Palm Beach Lakes Boulevard, Suite 930
        West Palm Beach, Florida 33401
        (561) 847-4408; (561) 855-2891 [fax]

        By: /s/ *Scott J. Link*
            Scott J. Link (FBN 602991)
            Kara Rockenbach Link (FBN 0044903)
            Primary:  Scott@linkrocklaw.com
            Primary:  Kara@linkrocklaw.com
            Secondary:  Tina@linkrocklaw.com

        - and –

Bennet J. Moskowitz, *Pro Hac Vice*
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, New York 10022
(212) 704-6087
bennet.moskowitz@troutman.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I CERTIFY that on May 20, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will serve the document on all counsel and parties, including Plaintiff, proceeding *pro se*, at ummuhan2022@yahoo.com.

By: /s/ *Scott J. Link*
  Scott J. Link (FBN 602991)