# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-80589-ALTMAN/Matthewman

JANE DOE,

        Plaintiff,

v.

DARREN K. INDYKE and RICHARD D.
KAHN, as Co-Executors of the ESTATE OF
JEFFREY E. EPSTEIN,

        Defendants.
_____/

## DEFENDANTS' FIRST REQUESTS FOR ADMISSION TO PLAINTIFF

Defendants, Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jeffrey E. Epstein, pursuant to Federal Rules of Civil Procedure 26 and 36, request that Plaintiff respond in writing to the following Requests for Admission. For requests that are not denied, or are otherwise not admitted without qualification, Plaintiff is required to set forth in detail the reason for each such denial or qualification.

## DEFINITIONS

    A.    The terms "you," "your" and "Plaintiff" refer to Plaintiff and her agents, representatives, and assigns, as well as any other person acting or purporting to act on Plaintiff's behalf.

    B.    The term "medical providers" means all persons who provide advice or treatment, or participate in evaluations or assessments, concerning an individual's health or well-being, whether mental or physical. This includes, but is not limited to, all doctors, psychiatrists, psychologists, counselors, nurses, physical therapists, physicians' assistants, nurse practitioners, medical technicians, behavioral specialists, massage therapists, chiropractors, behavioral therapists, nutritionists, technicians, holistic providers, pharmacists, and mental health therapists, whether licensed or otherwise.

      C.      The term "medical procedures and consultations" means all evaluations, consultations, procedures, examinations, and appointments conducted by, with or on behalf of one or more medical providers. This includes, but is not limited to, all doctors' appointments, solo or group therapy sessions, medical and psychiatric evaluations, lab work, surgeries, observations, prescriptions, tests, nutrition plans and diagnoses.

      D.      The word "communication(s)" shall mean any oral or written statement or exchange of information of any type between two or more persons or entities, including but not limited to documents, facsimiles, e-mails, instant messages, text messages, telephone or face-to-face conversations, meetings or conferences. Communications also includes any enclosures or attachments.

      E.      The word "document" shall include all written, printed, typewritten, electronically stored, recorded or graphic matter, photographic matter or sound reproduction, including, without limitation, drawings, graphs, charts, photographs, sound recordings, images, correspondence, reports, tests, analyses, memoranda, contracts, agreements, notes, notebooks, work papers, projections, financial models, diaries, calendars, appointment books, schedules, travel and expense reports, studies, checks, invoices, statements, receipts, bulletins, computer print-outs, e-mails, social media communication or posts, text and instant messages, interoffice and intraoffice communications, applications, tax records, notations of conversations or meetings, transcripts of any kind (including transcripts of conference calls or television appearances), video and voice recordings and every other data compilation on which or through which information of any type can be obtained, translated if necessary into reasonably usable form, which are in the possession, custody or control of you or your counsel. "Documents" shall include originals, all drafts and copies that differ in any respect from the originals, and any material recorded in verbal, graphic, computer, telecommunicative, or magnetic form, or any other form capable of being read, heard or otherwise understood. The word "document" has the broadest meaning possible, including but not limited to all reasonably available electronically stored information. You are requested to produce electronically stored information in the form in which it is ordinarily maintained or in a reasonably usable form or forms. If a document was attached to an e-mail, produce the accompanying e-mail thread and all other attachments.

      F.      "Communications" and "documents" specifically include all electronically stored information ("ESI") or related data which includes, but is not limited to, electronically stored data on magnetic or optical storage media; documents and emails stored in network, web, or cloud servers (such as Google Mail); network or social media accounts; text or other messages stored on electronic devices, including cellular phones, computers, tablets, etc.; and "active" file(s) (readable by one or more computer applications or forensics software). If relevant metadata such as author and creation data are visible on an ESI document, you are requested to produce the ESI document as a bates-stamped, text-searchable PDF; otherwise, you are requested to produce the ESI document in native format.

      G.      The phrases "related to" or "concerning" shall mean refer to, contain, allude to, respond to, comment upon, discuss, show, disclose, explain, mention, analyze, constitute, comprise, evidence, set forth, summarize, support, refute or characterize, either directly or indirectly, in whole or in part.

H. All words in the present tense include the past tense and all words in the past tense include the present tense. All words used in singular form include plural form and all words used in plural form include singular form.

I. The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these requests any answer that might otherwise be deemed outside its scope.

J. Any reference to a "person" includes all natural persons and entities, including their partners, members, managers, officers, directors, agents, employees, independent contractors, representatives, assigns, attorneys, affiliates or other natural persons or entities acting or purporting to act on their behalf.

## INSTRUCTIONS

1. Your response to these requests is governed by the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida.

2. The "Relevant Period" for these documents is June 1, 2006 through the date of your response.

3. As to each statement, Plaintiff shall specifically admit or deny the statement. If denied, the denial must fairly meet the substance of the requested admission and must state with specificity all grounds for the denial. If Plaintiff qualifies her answer or denies any part of the matter for which admission is requested, Plaintiff shall admit so much of the statement that is true and qualify or deny the remainder.

4. If Plaintiff objects that a term or phrase is vague or ambiguous, Plaintiff shall nevertheless respond with her understanding of the term or phrase and specifically admit or deny the statement.

5. These requests are continuing in character. You must serve supplementary responses promptly whenever you obtain further or different information responsive to these requests.

## REQUESTS FOR ADMISSION

1. Admit that your original passport, a copy of which was produced in this case at Bates JD_000001 to JD_000031 (**Exhibit A**), was destroyed after July 9, 2021.

2. Admit that the copy of your passport produced at Bates JD_000001 to JD_000031 (**Exhibit A**) does not reflect your travel to Turkey on December 29, 2007, through January 23, 2008.

3. Admit that the photographs of your passport pages provided to your former attorneys (**Exhibit B**) do not reflect your travel to Turkey on December 29, 2007, through January 23, 2008.

4. Admit that you altered pages from your passport before they were produced in this case on July 9, 2021.

5. Admit that you traveled to Turkey in January 2008.

6. Admit that you traveled to Turkey in February 2008.

7. Admit that you traveled to Turkey in May 2008.

8. Admit that Jeffrey E. Epstein was never in possession of your passport.

9. Admit that you have been admitted to a mental hospital.

10. Admit that you were treated by a psychologist in Turkey in 2008.

11. Admit that you advised your attorney in the ▓▓▓▓ case that you travelled to Turkey in January, February and May 2008.

12. Admit that you advised your attorney in the ▓▓▓▓ case that you were in a mental hospital in Turkey for six days in 2008.

13. Admit that your answer to ▓▓▓▓ Interrogatory No. 8 in your Amended Response to ▓▓▓▓ First Set of Interrogatories is true (**Exhibit C**).

14. Admit that you supplied the information to your attorney in the ▓▓▓▓ case to complete your Amended Response to ▓▓▓▓ First Set of Interrogatories (**Exhibit C**).

15. Admit that the specific answers of your Amended Response to ▒▒▒▒ First Set of Interrogatories (**Exhibit C**) reflect your own words.

16. Admit that your answer to ▒▒▒▒ Interrogatory No. 8 in your Supplement Filing to ▒▒▒▒ First Set of Interrogatories is true (**Exhibit D**).

17. Admit that you supplied the information to your attorney in the ▒▒▒▒ case to complete your Supplement Filing to ▒▒▒▒ First Set of Interrogatories (**Exhibit D**).

18. Admit that the specific answers of your Supplement Filing to ▒▒▒▒ First Set of Interrogatories reflect your own words (**Exhibit D**).

## CERTIFICATE OF SERVICE

WE CERTIFY that on March 2, 2022, we served the foregoing document via email to Plaintiff, *pro se*, at ummuhan2022@yahoo.com.

LINK & ROCKENBACH, PA
1555 Palm Beach Lakes Boulevard, Suite 930
West Palm Beach, Florida 33401
(561) 847-4408; (561) 855-2891 [fax]

By: /s/ *Scott J. Link*
Scott J. Link (FBN 602991)
Kara Rockenbach Link (FBN 0044903)
Primary: Scott@linkrocklaw.com
Primary: Kara@linkrocklaw.com
Secondary: Tina@linkrocklaw.com
Secondary: Troy@linkrocklaw.com

- and –

Bennet J. Moskowitz, *Pro Hac Vice*
Molly S. DiRago, *Pro Hac Vice*
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, New York 10022
(212) 704-6087
bennet.moskowitz@troutman.com
molly.dirago@troutman.com
*Counsel for Defendants*