UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-80589-RKA

JANE DOE,

        Plaintiff,

v.

DARREN K. INDYKE AND RICHARD
D. KAHN, AS CO-EXECUTORS OF
THE ESTATE OF JEFFREY E.
EPSTEIN,

        Defendants.
_____/

## MOTION TO INTERVENE

    Non-party, BANU KUCUKKOYLU, also known as REFIA BANU KUCUKKOYLU, ("Kucukkoylu"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, moves this Honorable Court for leave to intervene as to Plaintiff's Complaint and case to establish that she is not Plaintiff "Jane Doe," and states as follows:

    1.    On March 22, 2021, a Complaint was filed in this matter against Defendants in their capacity as joint co-executors of the Estate of Jeffrey E. Epstein. (DE 1). The action was filed for damages concerning the brutal and multiple rapes, sex trafficking, sexual abuse, physical assault, physical mutilation, intentional and negligent infliction of emotional distress, blackmail, intimidation, fraud, deceit and misrepresentation inflicted upon Plaintiff, Jane Doe, by Jeffrey Epstein and others at his direction and instruction. *Id.*

    2.    Plaintiff filed the Complaint with a pseudonym due to the highly personal and extremely sensitive nature of the allegations. (DE 1). A motion was filed

contemporaneously with the filing of the Complaint seeking to proceed using the pseudonym. *Id.* Ultimately, on April 6, 2021, the parties filed a "Stipulation for the Plaintiff to Proceed Anonymously." (DE 20). The Court, on April 12, 2021, entered an Order permitting the Plaintiff to proceed anonymously. (DE 21).

3. On May 23, 2022, an Order of Dismissal was entered by the Court following the Plaintiff's "Motion to Notice to Withdraw" (DE's 76 and 79).

4. Ms. Kucukkoylu seeks to intervene as several news articles have been published in the domestic and international press erroneously asserting that she is, in fact, the Jane Doe in this case. These attributions have endangered Ms. Kucukkoylu's life and caused her to live in fear. This much has been recognized in similar litigation against Mr. Epstein's long-term partner in *Virginia Giuffre v. Ghislaine Maxwell*, Case No. 15-CV-7433, by the Honorable Senior United States District Court Judge Loretta A. Preska, in the United States District Court for the Southern District of New York. *See* Order attached at Exhibit A. There, the Court found that Ms. Kucukkoylu was not "Doe 102", that it was "also persuaded of the danger to Ms. Kucukkoylu from these false reports," and that "[i]t is the Court's hope that the false reporting will cease." *Id.*

5. Ms. Kucukkoylu seeks to intervene in this matter in order to obtain a similar order that she is not the Plaintiff, Jane Doe, in this case.

6. Federal Rule of Civil Procedure 24 permits two types of intervention: intervention of right and permissive intervention. To intervene as a matter of right, a prospective intervenor must file a timely motion and must either present a federal statute providing an unconditional right to intervene or establish the following prerequisites: (1) an interest relating to the property or transaction which is the subject of the action; (2)

that the prospective intervenor is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (3) that the prospective intervenor is not adequately represented by the existing parties to the suit. Fed. R. Civ. P. 24(a)(1)–(2); *see also Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996). "Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." *United States v. State of Ga.*, 19 F.3d 1388, 1393 (11th Cir. 1994).

7. Alternatively, to intervene permissively, a prospective intervenor must file a timely motion and either provide a federal statute affording a conditional right to intervene or must demonstrate that it has a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1)(A)–(B). Unlike intervention of right, permissive intervention is discretionary, and courts must consider whether permissive intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3); *see also Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996) ("[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." (quoting *Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 595 (11th Cir. 1991)).

8. Here, Ms. Kucukkoylu requests to intervene as a matter of right or, in the alternative, permissively. When reviewing the first element—timeliness—courts "must consider the length of time during which the [prospective intervenor] knew or reasonably should have known of their interest in the case before moving to intervene." *Chiles v.*

*Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989), 865 F.2d at 1213. Additionally, courts must analyze "the extent of prejudice to the existing parties as a result of the [prospective intervenor's] failure to move for intervention as soon as they knew or reasonably should have known of their interest." *Id.* "Timeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970). Here, Plaintiff filed its complaint on March 22, 2021, DE 1, and, as Ms. Kucukkoylu avers, she was only informed of the complaint now in 2024, through recent media reports alleging she is the Jane Doe in this matter. Therefore, when Ms. Kucukkoylu filed her Motion to Intervene, she had only recently become aware of this litigation and the assertions in the press that she is Jane Doe.

9. Concerning the second element—an interest relating to the property or transaction which is the subject of the underlying action—a prospective intervenor must have a "direct, substantial, legally protectible interest in the proceeding." *Chiles*, 865 F.2d at 1213 (quoting *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982)). Courts review this second element under a flexible approach, focusing on the particular facts and circumstances surrounding a motion to intervene. *United States v. Perry Cnty. Bd. of Educ.*, 567 F.2d 277, 279 (5th Cir. 1978) (quoting *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 841 (5th Cir. 1975)).

10. Here, Ms. Kucukkoylu has a substantial, legally protectible interest in the pending litigation. Due to several articles that have been published in the domestic and international press falsely asserting that she is the Jane Doe in this case, Ms. Kucukkoylu

both has been subject to public opprobrium and also placed in physical danger, as Judge Preska recognized in *Virginia Giuffre v. Ghislaine Maxwell, supra.*

10. As for the third element—whether the prospective intervenor is situated so that disposition of the action may impede or impair its ability to protect its interest—courts examine whether a prospective intervenor can protect its interest absent intervention. *See Chiles*, 865 F.2d at 1214. If Ms. Kucukkoylu is not able to intervene, she will be unable to protect her interests as her life is currently in danger and she lives in fear.

11. Finally, the parties will in no way be prejudiced by permitting Ms. Kucukkoylu to intervene in order to clarify that she is not Jane Doe; indeed, the case was previously dismissed.

Prior to filing this motion, undersigned counsel contacted all counsel of record in this case to confer with them regarding this motion but they have failed to respond.

**WHEREFORE**, for the reasons stated herein, non-party, BANU KUCUKKOYLU, pursuant to Rule 24 of the Federal Rules of Civil Procedure, moves this Honorable Court for leave to intervene, as to Plaintiff's Complaint and case to establish that she is not Plaintiff "Jane Doe."

Respectfully submitted,

**Law Offices of Paul D. Petruzzi, P.A.**
8101 Biscayne Blvd
Penthouse 701
Miami, FL 33138
Telephone: (305) 373-6773
Facsimile:   (305) 373-3832
E-mail: petruzzi-law@msn.com

By:   PAUL PETRUZZI
      **PAUL D. PETRUZZI, ESQ.**
      Florida Bar No. 982059

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2024, a true and correct copy of the foregoing was furnished CM/ECF to counsel of record.

> By: <u>PAUL PETRUZZI</u>
> **PAUL D. PETRUZZI, ESQ.**
> Attorney for Banu Kucukkoylu

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VIRGINIA GIUFFRE,

               Plaintiff,

-against-

GHISLAINE MAXWELL,

               Defendant.

15 Civ. 7433 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    It has come to the Court's attention that several articles have been published in the domestic and international press asserting that a woman identified as "Banu Kucukkoylu" is "Doe 102" in this case. Material submitted to the Court under seal persuades the Court that Ms. Kucukkoylu is not Doe 102. Ms. Kucukkoylu has reported that these attributions (that is, the assertions that she is Doe 102) have endangered her life and caused her to live in fear. The Court is also persuaded of the danger to Ms. Kucukkoylu from these false reports. It is the Court's hope that the false reporting will cease.

**SO ORDERED.**

Dated:    January 15, 2024
            New York, New York

                                                          */s/ Loretta A. Preska*
                                                          LORETTA A. PRESKA
                                                           Senior United States District Judge